**CORBIN TIMES–TRIBUNE, Appellant,**

v.

**KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION and E.
Christine Fricke, Appellees.**

Court of Appeals of Kentucky.

Feb. 15, 1985.

Case Ordered Published By Court of
Appeals March 22, 1985.

David W. Burton, Leick, Hammons &
Burton, Corbin, for appellant.

J. William Hernandez, Terry L. Morrison,
Cabinet for Human Resources, Frankfort,
Pleas Jones, Williamsburg, for appellees.

Before McDONALD, MILLER and
REYNOLDS, JJ.

McDONALD, Judge:

This is an appeal dealing with unemploy-
ment insurance benefits. The employer
presents basically one issue: Whether a
person hired initially on a part-time basis
who continues in some aspect of part-time
employment can ever qualify for unemploy-
ment insurance benefits. We hold that in
appropriate circumstances, such benefits
are proper.

The claimant/employee was hired specifi-
cally for part-time employment. Initially
the parameters of the job would provide
hours ranging up to 19½ hours per week.
During the year prior to the filing of this
claim, the employee averaged 17 hours per
week, while during the actual claim year
she averaged 13 hours per week.

At the adjusted determination stage, it
was ruled in the employee's favor that she
could file for benefits. At the next stage,
the referee affirmed that conclusion, but of
course pointed out that any actual earnings
she did have would be set off against any
benefits she was to receive. The Unem-
ployment Insurance Commission affirmed
the referee's decision, and the circuit court
affirmed the ruling of the Unemployment
Insurance Commission.

K.R.S. 341.080(3) is the key to this ques-
tion. It defines "week of unemployment"
as seven consecutive days of less than full-
time work and earnings less than an
amount equal to one and one-fourth times
the appropriate benefit rate for the particu-
lar claimant. If the earnings fall below the
benefit rate and the hours worked are part-
time, then this statute provides for recov-
ery.

K.R.S. 341.050(1)(a) indicates that cover-
ed employment applies to an individual who
under the usual common law rules applica-
ble in determining the employer-employee
relationship has the status of an employee.
This part-time claimant is covered. K.R.S.
341.050 provides for any statutory exclu-
sions, and part-time workers are not listed
there; therefore, part-timers are not specif-
ically excluded. Finally, K.R.S. 341.350(5)
provides conditions of qualifications for
benefits by setting up a statutory scheme
of base period earnings of certain minimum
amounts as compared to benefits that could
be earned. The claimant meets that criteri-
on.

In no respect has it been demonstrated that the legislature intended to exclude unemployment insurance benefits for persons who only work part-time. To hold as a matter of law that employees who start off on a part-time basis are not entitled to unemployment insurance benefits would not only appear contrary to the statutory dictates but could lead to abusive employment practices. For instance, if an employer hired someone specifically to work on a part-time basis of 36 hours per week, and then cut him back to one hour per week, he would be precluded from receiving any unemployment insurance benefits under the appellant's theory of this case.

The claimant's actual benefit here appears to be nominal and in fact may not materialize at all since 12 hours per week at her minimum wage pay scale would preclude her from receiving any unemployment insurance benefits based on her 17 hours per week earnings.

Nonetheless, the circuit court reached the appropriate conclusion and that judgment is affirmed.

All concur.